UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSHUA J. BELISLE,<br>Plaintiff, | : | |
| v. | : | CA 07-272 M |
| MICHAEL J. ASTRUE,<br>COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the request of Plaintiff Joshua J. Belisle ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Plaintiff has filed a motion to reverse the Commissioner's decision or, alternatively, remand the matter to the Commissioner. Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further administrative proceedings.

With the parties' consent, this case has been referred to a magistrate judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). For the reasons stated herein, I find that remand to the Commissioner is appropriate. Accordingly, I order that Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. §405(g) with Reversal and Remand of the Cause to the Defendant (Document ("Doc.") #8) ("Motion for Remand") be granted and that Plaintiff's Motion to Reverse the Decision of the Commissioner (Doc. #5) ("Motion to Reverse") be granted to the extent that the matter be remanded for further administrative

proceedings.

**Facts and Travel**

Plaintiff was twenty-three years old at the time he filed his applications for DIB and SSI and twenty-six at the time of the hearing before the Administrative Law Judge ("ALJ"). (Record ("R.") at 17) He has a tenth grade education and past relevant work experience as a store cashier, restaurant busboy, and golf cart driver. (Id.)

Plaintiff protectively filed applications for DIB and SSI on October 2, 2003, alleging disability since January 1, 2002, due to post traumatic stress disorder, depression, anxiety, polysubstance abuse, back pain, and left shoulder pain. (R. at 16) The applications were denied initially and on reconsideration, and a request for a hearing before an ALJ was timely filed. (Id.) A hearing was held on July 27, 2006, at which Plaintiff, represented by counsel, appeared and testified. (Id.)

On September 13, 2006, the ALJ issued a decision in which he found that Plaintiff was not disabled and, therefore, not entitled to DIB or SSI.[1] (R. at 16-27) Plaintiff requested

[1] Specifically, the ALJ found that: Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability, although he had made several unsuccessful work attempts, (R. at 17, 26); that Plaintiff's post traumatic stress disorder, depression, anxiety, and polysubstance addiction constituted severe impairments, but his left shoulder and back pain were not, (R. at 26); that Plaintiff's polysubstance addiction met the requirements of Listing 12.09 of Appendix 1 to Subpart P of Regulations No. 4, but, apart from consideration of his polysubstance addiction, his impairments did not meet or equal the clinical requirements of a listed impairment, (id.); that the severity of symptoms and degree of incapacity Plaintiff asserted, apart from consideration of his polysubstance addiction, were not credible to the degree alleged, (id.); that, apart from consideration of his polysubstance addiction, Plaintiff retained the residual functional capacity for work at all exertional levels but had nonexertional limitations in concentration, persistence, and pace, such that he could understand, remember, and carry out simple one-two-three step tasks over an eight hour workday

review by the Appeals Council, (R. at 12, 448), which on May 16, 2007, declined review, (R. at 7-9), thereby rendering the ALJ's decision the final decision of the Commissioner, (R. at 7).

Plaintiff filed a Complaint (Doc. #1) in this Court on July 20, 2007, alleging that the ALJ's decision is not supported by substantial evidence, Complaint ¶ 9; and that the decision contains errors of law and fact, fails to follow appropriate regulations and rulings, and is, therefore arbitrary, capricious, legally erroneous, and an abuse of discretion, id. ¶ 14; see also id. ¶¶ 10-13. On September 24, 2007, Defendant filed his Answer (Doc. #6). The case was subsequently referred to this Magistrate Judge for all further proceedings and the entry of judgment. See Docket. Plaintiff's Motion to Reverse (Doc. #5) was filed on December 3, 2007. On March 5, 2008, Defendant filed the Motion for Remand (Doc. #8).

**Discussion**

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Defendant states

---

with appropriate breaks approximately every two hours, and in social functioning, such that he was able to deal appropriately with supervisors, co-workers, and the public on an occasional basis, (id.); that Plaintiff could not perform any of his past relevant work, (id.); that Plaintiff was a "younger individual" with a "limited education" and no transferable work skills (due to his nonexertional limitations), (id.); and that, apart from consideration of his polysubstance addiction, and considering the range of work Plaintiff was still functionally capable of performing, in combination with his age, education, and work experience, and using Section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, Plaintiff was not disabled, (R. at 27); that Plaintiff's polysubstance addiction was a contributing factor material to a finding of disability, (id.); and that, therefore, he could not be found disabled or entitled to a period of DIB or SSI, (id.).

that:

> Following further consideration by the Appeals Council, the Commissioner has determined that remand would be appropriate, and, accordingly, requests that the Court remand this case to the Appeals Council, so that it may issue an order remanding this case to an ALJ so that the ALJ (1) can obtain medical expert testimony that addresses the issues of materiality of substance abuse and of mental residual functional capacity during the entire period at issue here, and (2) can obtain testimony from a vocational expert that takes all plaintiff's limitations into account.

Defendant's Mem. at 1-2.

The Court agrees that remand is appropriate. I therefore order that the matter be remanded to the Appeals Council for further administrative proceedings as outlined above and that judgment be entered for Plaintiff.

**Conclusion**

I order that Defendant's Motion for Remand be granted and that Plaintiff's Motion to Reverse be granted to the extent that the matter be remanded to the Commissioner for further administrative proceedings.

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 21, 2008